### INHABITANTS OF STRONG *versus* COUNTY COMMISSIONERS.

*Certiorari*, on the petition of a town, to quash the doings of County Com-
missioners in locating a town way, will not be granted, unless the same
were injurious to the petitioners.

THIS is an application for a writ of *certiorari* to quash the
proceedings of the County Commissioners in establishing a
town way in Strong. It appears by the Commissioners' re-
cord, *that* some inhabitants had petitioned the selectmen to
lay out a town way on a specified route; *that* the selectmen
had refused to lay it; *that* the petitioners then applied to the
County Commissioners to cause it to be located; *that* the
Commissioners adjudged the refusal of the selectmen to be un-
reasonable; and *that* the Commissioners then proceeded and
located a part, (about one-third,) of the road prayed for. The
record does not show *that* the Commissioners estimated any
damages, done by the location; or *that* no damages were sus-
tained; or *that* they returned the names of the owners of
the land, over which the road was laid; or *that* such owners
were unknown.

*Stubbs*, in behalf of the town.

1. The jurisdiction of the Commissioners in the establish-
ment of town and private ways is given by statute, chap. 25,
sect. 32. It authorizes them to cause a town way or private
way, prayed for, to be laid out or altered. In this case, they
could alter no road, for there was no road to alter. Their
power was limited to the laying out of a road, and *that must
be the road prayed for.*

In petitions, originally addressed to the Commissioners for
public highways, they may establish the whole or a part, for
such is the statute provision. But they have not such power
in relation to town ways or private ways. In such cases their
jurisdiction is merely appellate. They can establish the whole
of the road, or none of it. They cannot establish a part
without establishing the whole. There is no midway course.
The road which they located was not the road which the se-
lectmen were requested to locate. It was not the road which

the selectmen refused to locate. It was never asked for by any body. The petition to the selectmen was for a specified road, an entirety. They refused to lay it. The Commissioners *decreed* that refusal to have been unreasonable. They then nullified their own decree, by practising the same sort of refusal. They did not lay the road, which they considered it unreasonable in the selectmen not to lay. For the selectmen never adjudged it unreasonable to lay a part of it. *State* v. *Inhabitants of Pownal,* 10 Maine, 24; *Livermore* v. *County Commissioners,* 11 Maine, 275; *Commonwealth* v. *Cambridge,* 7 Mass. 158; *Hallowell* v. *Goodwin,* 12 Maine, 271.

2. There was error in the omission of the County Commissioners to estimate the damages, done by their location, or to decide that none were sustained; also, as to returning the names of the land owners, or that they were unknown.

The inconveniences and injustice, flowing from said omissions, were discussed by the counsel.

*Tripp,* County Attorney, *contra.*

1. The petition assumes that there is error in the record. I see none. The road, so far as it was located, was on the route prayed for. In petitions, originally to the Commissioners, they may lay a part and refuse the residue. 19 Maine, 338. No reason is perceived why they may not do so, in appealed matters. But I contend the town has no right to take this point. They have no sufficient interest in the subject. 26 Maine, 353.

2. This application is to the discretion of the court. They will not yield to it, unless gross wrong be made to appear. Here no wrong has been done. The town seems unwilling to pay for a portion of the road, and complain that they are not made to pay for the whole of it.

*Stubbs,* in reply.

The case cited by the county attorney is favorable to the petitioners. The town is injured. They are compelled to make the part of the road which is located. By the statute they are not compellable, under the appellate power of the

Commissioners, to make that part, unless the residue was of a character to be laid out and made at the same time with it.

WELLS, J., orally. — The petitioners allege certain irregularities and wrongs in the doings of the County Commissioners. That allegation we have not found it necessary to consider.

A *certiorari* can be issued only for the relief of some injured party. The town brings this process. And they object: —

1st. That no damage to the landholder was assessed. It does not appear that the town owned the land, and they cannot be injured in that respect.

2d. That only a part, instead of the whole road prayed for, was laid out. But that course is more favorable to the town, than if the whole had been laid out. They have less road to make, and less damage to pay. To grant this petition would be a palpable violation of the rule, that such complaint, except made by a party injured, cannot be sustained.

*Certiorari denied.*