DAVIDSON v. WRIGHT.

1. **Practice**: DEMAND FOR JURY. The demand for a jury must have been made and refused at the term during which the case was tried to constitute error available on appeal, a demand at a former term when the cause was continued being deemed to have been waived by the failure to again demand it at the time of trial.

*Appeal from Bremer District Court.*

SATURDAY, JUNE 16.

ON the 3d day of April, 1876, there was filed in the office of the clerk of the Bremer District Court a motion for summary judgment against defendant, G. C. Wright, for $350.00 alleged to have been collected by Wright as an attorney, and withheld from his client.

On the same day, the case being called for trial, the defendant demanded a jury, which the court refused, and the defendant excepted. The cause was then continued.

On the 28th day of November, 1876, the case was again called, and defendant asked for a jury trial, which the court refused, and defendant excepted. Thereupon, upon plaintiff's application, the cause was again continued.

On the 9th day of the January term, 1877, the case was called for trial in its order. The parties appeared by their attorneys and proceeded to the trial of the cause to the court. The court rendered judgment against the defendant for $108.16 and costs. The defendant appeals.

*E. Kinne* with *G. C. Wright*, for appellant.

*M. E. Billings & Co.*, and *Gray, Daugherty & Gibson*, for appellee.

DAY, CH. J.—I. In the state of the record we need not determine whether or not the defendant was entitled to a jury 1. PRACTICE: trial. At the terms of court in April and No- demand for jury. vember, 1876, the defendant demanded a jury trial and excepted to the ruling of the court refusing it to,

him. But at these terms no trial was had, so that the ruling became immaterial, and, if erroneous, was not prejudicial. A demand for a jury must have reference to the term and time at which the demand is made. Many causes, such as the constitution of the jury, the condition of the business in court, the state of the party's preparation and readiness for trial, etc., may render a jury desirable at one term of court. At the next term of the court no cause may exist rendering a jury trial desirable, and the party may prefer submitting his cause to the court. At the January term, 1877, when the cause was tried, no demand for a jury seems to have been made. The cause was voluntarily submitted to the court for trial. We are clearly of opinion, therefore, that even if defendant was entitled to a jury, a point which we do not determine, he waived it by failing to demand it when the cause came on for trial.

II. Some other questions are urged, as that it appears that plaintiff is not a client of defendant, and the claim is barred by the statute of limitations. It does not appear that these questions were relied upon in the court below. They are not embraced in any assignment of error. None of the evidence upon which the cause was tried is before us. The only question which the record properly embraces is the one already considered.

AFFIRMED.