## Iske v. The City of Newton.

1. **Practice:** CERTIORARI: APPEAL. An appeal lies from an order granting a writ of *certiorari* and a stay of proceedings, upon a hearing at which both parties appeared.

2. **Municipal Corporations:** CERTIORARI: PASSAGE OF ORDINANCE. Where an ordinance is of such a character that in its passage the city council act in a legislative rather than a judicial capacity, their action is not subject to review by *certiorari*.

3. ———: ———: ———. The validity of a city ordinance cannot be determined in an action of *certiorari*, brought by a citizen who is not shown to be specially affected thereby, or to have some interest therein, other than in common with the general public.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, OCTOBER 20.

The plaintiff upon application obtained from the Circuit Court an order for the issuance of a writ of *certiorari*, to test the validity of a city ordinance, and also to restrain the enforcement of the ordinance. From these orders the defendant appeals.

*Ryan Brothers*, for appellant.

*H. S. Winslow*, for appellee.

ADAMS, CH. J.—I. The first question presented is as to whether an appeal lies from the orders in question, or either

1. PRACTICE: certiorari: appeal.

of them. The statute providing for an appeal in an action of *certiorari* is section 3223 of the Code, which is in these words: "The action shall be prosecuted by ordinary proceedings as far as possible, and from the decision of the District or Circuit Court an appeal lies as in other ordinary actions." Has there in the case at bar been a *decision* within the meaning of the statute? If so an appeal lies, and otherwise not.

If there had been a mere *ex parte* order granting the writ,

we should be inclined to think that there had been no decision within the meaning of the statute. But the petition prayed in addition to the writ for a stay of proceedings under the ordinance upon the part of the city. Where a stay of proceedings is sought, in connection with ·the issuance of the writ, reasonable notice must be given to the defendant. Code, § 3219. Notice in this case was given. An appearance was made by both parties, and a hearing had. In granting the writ and ordering the stay upon such hearing, it appears to us that the court made a decision from which an appeal lies. The only question, of course, which can be determined, is whether the petition upon its face makes a case.

II. The ordinance in question prohibited the keeping of beer or wine for sale, and provided for a search-warrant, and 2. MUNICIPAL for the destruction of the liquors if found. This corporations: certiorari: ordinance is assailed by the plaintiff upon the passage of or- dinance. ground that the city council of the defendant city had no power to pass such ordinance. Before reaching the question as to the validity of the ordinance, we have to determine whether the proper mode of testing its validity is by *certiorari*. If we should find that it is not, it would not only be unnecessary but improper to proceed further.

The writ may be granted " in all cases where an inferior tribunal, board or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally." Code, § 3216. We have then the question whether the city council of the defendant city in passing the ordinance did so in the exercise of a judicial function. If it did, *certiorari* is the proper remedy.

Cases are not wanting where courts have held that the proceedings of a municipal corporation may be examined upon *certiorari*. In Dillon on Municipal Corporations, Vol. 2, p. 843, it is said that such is unquestionably the weight of authority. The plaintiff cites the learned author as holding the doctrine for which he contends. But the proceedings of a municipal corporation are not homogeneous. Some, it

may be conceded, are judicial, and such may doubtless be examined upon *certiorari*.

Many of the cases relied upon as holding that the proceedings of a municipal corporation may be examined upon *certiorari* are cases where the regularity of the proceedings of the corporation is drawn in issue in respect to the establishment of a street. *Stone v. The City of Boston*, 2 Mct., 220; *Parks v. The City of Boston*, 8 Pick., 218; *Dwight v. The City Council of Springfield*, 4 Gray, 107; *Swann v. The City Council of Cumberland*, 8 Gill. (Md.), 150. But in *Parks v. The City of Boston*, above cited, the court said: "We cannot doubt that the power thus conferred is judicial, for before the mayor and aldermen can proceed to lay out a new street, or to widen an old one, they are required to adjudicate upon the question whether the safety or convenience of the citizens requires such a laying out or alteration." See, also, *Stubenraugh v. Neyenesch, ante*, 567.

The passage of ordinances like the one in question, as may readily be seen, is something essentially different. Such ordinances are by-laws. They prescribe a rule of conduct. In their character, and purpose, and necessity for enforcement through the courts and officers of the government, they do not differ in any essential respect from an act of a legislature. The action, therefore, of a city council in passing such an ordinance appears to us to be in its nature legislative. It differs materially from an adjudication. The latter assumes an existing rule, and operates upon specific property or persons by an application of the rule.

The plaintiff does not need the aid of a writ of *certiorari* to test the validity of the ordinance in question. He is not specifically affected by it. He avers merely that he is a citizen and tax-payer. It will be time enough, we, think, for him to complain when he shall be charged in a court of law with having violated the ordinance. So far as the record shows in this case he may be interested solely in maintaining the ordinance; that is, his sole interest may be such as he

shares with the general public, and which the ordinance was designed to subserve. With such a plaintiff before us we could not properly adjudicate upon the validity of the ordinance. To render proper an adjudication, there should be an action the parties to which are really adversaries. A court is not a school of instruction. It is a place where actual specific rights are determined.

As the record discloses no actual specific right on the part of the plaintiff which the ordinance contravenes, we ought, perhaps, to say that the plaintiff indicates in his argument that the suit was instituted in behalf of the public. He argues that "the citizen" should not be compelled to take the hazard of becoming a criminal in order to test his rights. But it is manifest that the rights spoken of are abstract rights. In our opinion *certiorari* does not lie, and the writ should have been refused.

REVERSED.