### WOLPERT *v.* NEWCOMB.

1. DRAINS—VALIDITY OF PROCEEDINGS—CERTIORARI.
    One who is not injured by the widening and deepening of a drain across his land is not entitled to question the validity of the proceedings on *certiorari.*

2. DRAINS—CONDEMNATION PROCEEDINGS—SUFFICIENCY OF CITATION.
    One who has been properly served with a citation from the probate court in proceedings to condemn land for the construction of a drain under 3 How. Stat. § 1740b9 *et seq.*, cannot be heard to raise the objection of a defective service on other land-owners, who, having released the right of way and all damages, are not themselves in position to complain.

3. SAME.
    Where it clearly appears from the citation so issued that the proposed drain will cross the lands of the persons to whom the citation is addressed, it is immaterial that the fact is not stated in the exact language of the statute. (3 How. Stat. § 1740c1.)

4. SAME.

> The citation need not be issued under the seal of the probate court, the statute not requiring it; nor is it such a process as is required by the Constitution (article 6, § 35) to be "in the name of the people of the State of Michigan."

5. SAME.

> The person serving the citation need not be specially appointed for that purpose, under the provision of the statute requiring the service to be made by the commissioner "or some other competent person."

Error to Eaton; Smith, J. Submitted June 7, 1895. Decided September 26, 1895.

*Certiorari* by Caleb Wolpert to review the proceedings of Morrell E. Newcomb, county drain commissioner, and Jacob L. McPeek, judge of probate, in the matter of straightening, widening, and deepening a drain. The circuit court dismissed the writ, and plaintiff brings error. Affirmed.

*John Nichol* and *F. H. Stowe,* for appellant.

*Huggett & Smith,* for appellees.

GRANT, J. Plaintiff brought *certiorari* to the circuit court to review the proceedings of the defendants in the matter of straightening, widening, and deepening a part of the "Mead Drain," so called, in the township of Roxand, in Eaton county. The circuit court sustained the proceedings, and plaintiff has appealed to this court. The objections raised are:

(1) That the citation issued upon the petition did not set forth that the lands of the persons to whom it was addressed would be crossed by said drain.

(2) That the affidavit of service did not show proper service upon certain parties.

(3) That the citation issued on the 14th of July, fixing August 1st as the day of hearing, was without jurisdiction.

(4) That the citations were not under the seal of the court.

(5) That the citations were not issued "in the name of the people of the State of Michigan."

(6) That when the probate court appointed the special commissioners there was no legal proof before it of the service of the citation.

A legal ditch was in existence. It extended 14 rods across plaintiff's land, across which it was only necessary to deepen and widen it. After a full hearing, at which he and his attorney were present, and in which they participated, he was awarded $25 damages.

After receiving the application, which is correct in form, the drain commissioner made an examination, and determined that "the deepening, widening, and straightening of a portion of said Mead drain was necessary, practicable, and conducive to the public health, convenience, and welfare." He also returns:

"That soon thereafter I caused to be presented to all of the owners of the lands traversed by the part of said drain to be deepened, widened, and straightened, a proper drain release of the right of way and damages, and requested the owners of said lands, respectively, to execute the same; and that all of such owners did execute such release of right of way and damages, except Caleb Wolpert, one of the owners of said land, who refused to execute such release."

The proceedings are conceded to be regular up to the issue of the citation.

The statute allowing *certiorari* to these proceedings provides that, "if any material defect be found in the proceedings for establishing the drain, such proceedings shall be set aside." It is nowhere shown or claimed that the plaintiff will be injured by the deepening, widening, and straightening of the ditch. If he is not injured, there is no reason why he should have the proceedings quashed, or be heard to question their validity by the writ of *certiorari*, which is subject to discretion. *Roediger* v.

*Drain Commissioner*, 40 Mich. 745, and authorities there cited. None of the other parties interested complain, nor are they in a position to do so, because they have assented, and released their right of way, and have thereby waived all irregularities until proceedings are taken under chapter 5 of the drain law (3 How. Stat. § 1740e2 *et seq.*) for the assessment to construct the drain.

The object of the citation is to afford a hearing to the parties interested to make objections, and to be heard in the selection of commissioners. *Kinnie v. Bare*, 68 Mich. 634. The plaintiff was properly served with the citation, and cannot now raise the objection of a defective service upon others, none of whom are in condition, for the reason above stated, to make the same objection. We will therefore consider only those objections which, upon the assumption that he may be injured, he is entitled to raise.

1. Plaintiff appeared specially upon the 9th day of July, the return day of the citation, and objected to the jurisdiction, because the citation did not state that the lands owned by the persons to whom it was addressed would be crossed by such drain. The citation used the word "affected" instead of "crossed." The judge adjourned the hearing until the 14th day of July, and on that day ordered the citation to be amended by inserting the word "crossed" instead of "affected," adjourned the hearing to August 1st, and caused the citation as amended, and the date of hearing as of August 1st inserted therein, to be served in due time upon the parties interested. The statute requires that the citation "shall set forth that lands owned by the persons to whom it is addressed will be crossed by such drain, or will be subject to assessment for its construction, and that a description and survey of such drain is on file with the court issuing the citation." 3 How. Stat. § 1740c1. The commencement, terminus, and the general course and direction of the drain, and the description of the plaintiff's land, are fully stated in the citation. From these it con-

clusively appears that the drain did cross his land. This was a sufficient compliance with the statute. It is not necessary to use the exact language of the statute, where the citation contains the substance of its requirement, and the party is not misled.

2. The drain law does not require the citation to be issued under the seal of the court, nor is it such a process as the Constitution requires to be "in the name of the people of the State of Michigan." The proceedings of the commissioner are entirely *ex parte* until at the proper stage application is made by him to the probate court for the appointment of commissioners to determine the necessity, etc. The citation commenced as follows: "At a session of the probate court for the county of Eaton, holden at the probate office in the city of Charlotte on Monday, the 4th day of June, 1894," etc., and was signed, "Jacob L. McPeek, Judge of Probate." It was in proper form without the seal or the statement that it was issued " in the name of the people," etc.

3. The statute provides that "the citation shall be served by the commissioner or some other competent person." The citation in this case was served by one Alexander Hecock, whom the return shows to have been a competent person. He made due proof of service by affidavit. The contention is that no investigation was made into the competency of Mr. Hecock before the service, and that he was not expressly appointed to make the service; and the following authorities are cited: *Rasch* v. *Moore*, 57 Mich. 54; *Gadsby* v. *Stimer*, 79 Mich. 260; *Union Mutual Ins. Co.* v. *Page*, 61 Mich. 72. Those cases arose under a statute which only authorized service of process issued by a justice of the peace by other than an officer, upon request of a party, and by written authority, indorsed upon the process. No such provision is found in the drain law, which authorizes service by any competent person. No special appointment is required. The return shows that Mr. Hecock was a competent person, and

the return is conclusive. No claim is made that he was not competent.

The proceedings are affirmed.

The other Justices concurred.