GEORGE W. WILSON, Plaintiff, v. H. M. REMLEY, *one of the Judges of the Eighteenth Judicial District of Iowa,* Defendant.

**Certiorari.**  A disbarred attorney, whose right to appear in and prosecute an action brought by him as trustee is denied, cannot maintain certiorari proceedings to review the decision, since he has no interest save as an attorney at law, and as such is not entitled to prosecute the action.

TUESDAY, OCTOBER 25, 1898.

*Certiorari* proceedings commenced in this court to review the proceedings of H. M. Remley, one of the judges of the Eighteenth Judicial District, while sitting as a court in Linn county, Iowa, in refusing to allow plaintiff to appear in and prosecute a cause in which he, as trustee, was a party plaintiff.—*Dismissed.*

*Jamison & Smyth* for plaintiff.

*Milo P. Smith, J. H. Preston,* and *Henry Rickel* for defendant.

DEEMER, C. J.—Plaintiff is an attorney at law who was disbarred from practice in the courts of this state by the district court of Linn county, Iowa, prior to the happening of the matters complained of. On the twenty-third day of July, 1895, one J. W. Scott assigned to plaintiff, as trustee, a judgment rendered in his favor by a justice of the peace. Wilson, as trustee, brought suit on this judgment before a justice of the peace, and recovered a judgment thereon. The defendants in that judgment appealed to the district court. When the case came on to be heard in that court, objection was made to plaintiff's appearing, for the reason that he had been disbarred. This objection was sustained, the court holding that plaintiff had no right to appear save in cases where he was personally a party. The court also found that Wilson had appeared as trustee in a number of cases in that court, and was demanding the right to appear for himself, or to appear as attorney for himself. Plaintiff neglected to obtain counsel, and his cause was dismissed. This proceeding is to review the aforesaid action of the court.

An insuperable objection to the proceeding is that plaintiff in his individual capacity has no interest in the proceedings save as an attorney at law, and as such he is not entitled to prosecute the action, for the reason that he has been disbarred. In the year 1853 it was held that a stranger to the record, who is noway affected by the proceedings, has no right to the writ. *Davis County v. Horn,* 4 G. Greene, 94. As Wilson in his individual capacity was not a party to the record before the district court, he cannot prosecute this action. *Iske v. City of Newton,* 54 Iowa, 586. Aside from this consideration, which we regard as conclusive, we may say that we think plaintiff's right to appear as trustee is extremely doubtful. See *Cobb v. Judge,* 43 Mich. 289 (5 N. W. Rep.

309);  *Paul  v.  Purcell,*  1  Browne,  348.      The  writ  is
DISMISSED.