W. B. COLLINS, Appellant, v. CITY OF KEOKUK *et al.*

Certiorari: BY TAX PAYER: *Review of ordinances.* A petition to review by certiorari the validity of a city ordinance, by one alleging that he is a citizen and tax payer will not lie where it does not show that he had any right which was affected by the ordinance not common to all resident tax payers and water consumers.

*Appeal from Lee District Court.*—HON. H. BANK, JR., Judge.

FRIDAY, APRIL 7, 1899.

THIS is a proceeding by *certiorari.* A demurrer to the petition was sustained, and, the plaintiff failing to plead

further, judgment was rendered agaist him for costs, and he appeals.—*Affirmed.*

*W. B. Collins* for appellant.

*Hazen I. Sawyer* and *James C. Davis* for appellees.

ROBINSON, C. J.—The petition alleges that the plaintiff is a resident and taxpayer of the city of Keokuk, and a consumer of water; that in June 1877, the council of the defendant city of Keokuk passed an ordinance which authorized the defendant, the Keokuk Waterworks Company, to establish and maintain waterworks within the city for the period of twenty years; that the company constructed and established such works and maintained them, and supplied the city and its citizens with water, until the ninth day of October, 1896, when the council passed another ordinance, which took effect on the first day of January, 1897, and gave to the company the right to lay and maintain its water pipes and mains within the city for the period of ten years from the time the ordinance took effect, for the purpose of securing water for public and private purposes for the city. The petition avers that the ordinance is void, because it was not submitted to a vote of the electors, and approved by a majority of them, at a general or special election, and for the further reason that the rates which it authorized are unreasonable. Portions of it are also alleged to be void on other grounds. We do not find that the petition asks any relief, but, since no objection on that ground is urged, we will consider some of the questions discussed in argument.

I.     One ground of the demurrer is that the petition does not show that the plaintiff has an interest in the matter in controversy which entitled him to maintain this action. It is not shown that the plaintiff has any interest in matters affected by the ordinance not common to all persons who are taxpayers and residents of the city of Keokuk and consumers of water. It is not shown that the effect of the ordinance

will be prejudicial to the interests of the city, and the plaintiff does not, therefore, show that his interests as a taxpayer may be affected. Nor does it appear that the plaintiff, and all other persons who may possibly be threatened with injury from certain provisions of the ordinance which are alleged to be illegal, on special grounds, would not have an ample remedy in the ordinary course of law. Section 3216 of the Code of 1873, under which this proceeding was commenced, authorized the writ of *certiorari* only in the cases where there was no other plain, speedy, and adequate remedy. The petitioner in the case of *Iske v. City of Newton,* 54 Iowa, 586, sought to test the validity of an ordinance which prohibited the keeping of wine or beer for sale, but this court held, in effect, that the fact that he was a citizen and taxpayer of the city did not alone entitle him to maintain a proceeding by *certiorari,* and that, as he did not show that he had any right which the ordinance affected, the writ should have been denied. The rule thus announced is applicable in this case, and finds support in the following cases: *Welch v. Board,* 23 Iowa, 203; *McHenry v. Sneer,* 56 Iowa, 649; *Smith v. Yoram,* 37 Iowa, 89; *News Co. v. Harris,* 62 Iowa, 501. It is clear, under the statutes and authorities cited, that the plaintiff has not shown himself entitled to the writ.

The conclusion reached makes it unnecessary to determine whether the approval of a majority of the electors of the city, expressed at a general or special election, was essential to the validity of the ordinance, or whether, if the plaintiff is aggrieved by the ordinance, proceeding by *certiorari* is his proper remedy. It is also unnecessary to decide other questions discussed by counsel. The judgment of the district court appears to be right and it is AFFIRMED.