STATE EX REL. SULLIVAN, Respondent, vs. DRAKE, Appellant.

*November 10—December 4, 1906.*

Certiorari: *Parties: Right to writ: Petition: Sufficiency of allega-
. tions: Quashing the writ.*

1. Only a party to the proceeding sought to be reviewed, or one di-
rectly affected by it, can prosecute a writ of *certiorari.*
2. Where one not a party seeks to use the writ of *certiorari,* he
must show that the decision sought to be reviewed is directed
against him or his property in the sense that the enforcement
of the decision would involve special, immediate, and in effect
a direct injury to his interests.
3. A petition for a writ of *certiorari* by the widow of a party against
whom a justice of the peace rendered judgment, with no alle-
gation that her husband left any property, or that the relator
was interested in any property which could or would be in any
way affected by the judgment, is barren of any facts to show
that the relator is in any way interested in setting aside the
judgment.
4. In such case a motion to quash the writ of *certiorari* should have
been granted.

APPEAL from a judgment of the circuit court for Iowa
county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

*Certiorari* to review a judgment of a justice of the peace
of Iowa county.

For the appellant there was a brief by *Elmore T. Elver,*
and oral argument by *F. M. Miner.*

For the respondent the cause was submitted on the brief of
*Thomas W. King* and *Richard Carter.*

KERWIN, J.   On the 3d day of January, 1905, judgment
was entered in favor of *Walter Drake,* appellant, and against
one Daniel Sullivan, in a justice's court of Iowa county, Wis-
consin.   The defendant in said action, Daniel Sullivan, died
on the day judgment was entered, and his widow, *Mrs. Sulli-
van,* petitioned the circuit court for Iowa county for a writ
of *certiorari.*   The relator alleges, in effect, the rendition of
the judgment before the justice for $30.47 damages, together

with costs; that petitioner is advised, informed, and believes that the judgment was rendered and entered by the justice without any jurisdiction to render the same, to the damage of petitioner; that Daniel Sullivan died on the day judgment was rendered; and that petitioner is his widow; that the judgment is void for the reason that it appears from the docket of said justice that on the return day of process, December 27, 1904, the plaintiff and defendant appeared, and before the parties had joined issue, and without any complaint having been made on the part of the plaintiff or answer on the part of the defendant, and without the consent of the parties, the justice, upon application of the plaintiff, adjourned the case to January 3, 1905, contrary to sec. 3625, Stats. 1898. The return of the justice to the writ of *certiorari* shows substantially the same facts as alleged in the petition respecting the proceedings of the justice in the action. The appellant moved to quash the writ. The court below after hearing the motion refused to quash, and ordered the judgment of the justice of the peace reversed.

The only question for consideration upon this appeal is whether the motion to quash the writ should have been granted. This involves the question whether the petitioner, *Mrs. Sullivan,* who was not a party to the record, was entitled to the writ. It is well settled that only a party to the proceeding sought to be reviewed, or one directly affected by it, can prosecute the writ. Where one not a party seeks to use the writ he must show that the decision sought to be reviewed is directed against him or his property in the sense that the enforcement of the decision would involve special, immediate, and in effect a direct injury to his interests. *State ex rel. Milwaukee Med. College v. Chittenden,* 127 Wis. 468, 107 N. W. 500; Harris, Certiorari, § 2; *Ashe v. Colusa Co.* 71 Cal. 236, 16 Pac. 783; *Judd v. Fox Lake,* 28 Wis. 583; *Pedrick v. Ripon,* 73 Wis. 622, 41 N. W. 705; *West v. Ballard,* 32 Wis. 168; 6 Cyc. 768; *Tallon v. Hoboken,* 60 N. J. Law,

212, 37 Atl. 895; 2 Spelling, Extr. Rem. § 1977; *Stark-weather v. Seeley,* 45 Barb. 164; *Wilson v. Remley,* 106 Iowa, 583, 76 N. W. 843; *Davis Co. v. Horn,* 4 G. Greene (Iowa) 94; *Watson v. May,* 6 Ala. 133; *Wolpert v. Newcomb,* 106 Mich. 357, 64 N. W. 326; *Strong v. Co. Comm'rs,* 31 Me. 578; *People ex rel. Finch v. Overseers,* 44 Barb. 467; *Roy v. Whitaker,* 92 Tex. 346, 49 S. W. 367; *State ex rel. Skogstad v. Anderson, post,* p. 227, 109 N. W. 981.

There is nothing whatever in the record showing that the relator had any interest in the reversal of the judgment sought to be reviewed, or was injuriously affected by it. There is no allegation that Daniel Sullivan left any property, or that the relator was interested in any property which could or would be in any way affected by the judgment. The record is entirely barren of any facts going to show that *Mrs. Sullivan* was in any way interested in setting aside the judgment. In order to entitle her to the writ it was necessary to show that the enforcement of the judgment would "involve special, immediate, and in effect at least a direct injury" to her interests. *State ex rel. Milwaukee Med. College v. Chittenden, supra.* It is very clear from the record that the petitioner made no case entitling her to the writ, therefore the motion to quash it should have been granted.

*By the Court.*—Judgment of the court below is reversed, and the cause remanded with instructions to quash the writ of *certiorari.*