POLK COUNTY, Iowa, FRED S. HOARE, NATHAN LENTZ and
    B. A. ROOD, Plaintiffs, v. THE DISTRICT COURT OF THE
    STATE OF IOWA, and HUGH BRENNAN, Judge, Defend-
    ants.

Certiorari: REVIEW OF JUDICIAL PROCEEDINGS: SETTING ASIDE JURY
    LISTS. Certiorari will not lie, either in favor of taxpayers, the
    county, strangers to the record, or litigants who have suffered
    no injury, to review the action of a court in setting aside jury
    lists on the ground that the members thereof were illegally
    selected.

*Certiorari to Polk County District Court.*— HON. HUGH
    BRENNAN, Judge.

WEDNESDAY, MARCH 13, 1907.

CERTIORARI proceeding to determine the legality of an
order declaring the jury lists of Polk county illegal.    The
opinion states the case.— *Dismissed.*

    *John J. Halloran, Bowen, Brockett & Weldy, Wilbur
J. Garrison,* and *H. C. Evans,* for plaintiffs.

    *Parrish & Dowell,* for defendants.

    PER CURIAM.— The exceptional nature of the proceed-
ings antecedent to the issuance of the writ herein justifies
a rather full statement of the facts relating thereto.    On
the 5th day of January, 1907, the Des Moines Civic League,
through its attorneys, filed in the office of the clerk of the
district court of Polk county a paper denominated a motion,
in which it was alleged that the grand and petit juries of
the county for the year 1907 had been illegally selected and
drawn, in the particular therein named, and advising the
court that, if found desirable, it might fully investigate and

determine the matters therein complained of. Thereafter, without notice to any one so far as the record shows, the defendant, one of the judges of the district court of the county, with the concurrence of his associate judges, found that the lists of persons from which the grand and petit juries were drawn or to be drawn for the year 1907 were illegally selected, and set them aside. Afterwards, Polk county, D. T. Blodgett, and Nathan Lentz moved that the order setting aside the lists be vacated. This motion was overruled, and later this writ was issued. The other plaintiffs, Hoare and Rood, also filed motions to set aside the order, but they do not seem to have been passed upon.

There is some question as to whether we have before us any party plaintiff other than the county, but we shall dispose of the case on the theory that the other plaintiffs are properly here. The defendant has filed a motion to dismiss the petition and quash the writ, on the grounds: First, that the plaintiffs have no such legal interest in the controversy as entitles them to maintain this action; second, no specific right of the plaintiffs or either of them is shown to have been violated; and, third, " there is another plain, speedy, and adequate remedy." Are the plaintiffs other than the county entitled to maintain this action? They allege in their pleadings that they are citizens and taxpayers of the county and litigants in cases pending, at issue, and assigned for trial at the January, 1907, term of court. It is clear that mere citizenship confers no right to maintain the action. Hence the only possible right they may have must arise because of their other allegations. It is alleged in the joint petition that, unless the order in question is set aside, the plaintiffs will be unable to secure the trial of their causes, " and the said court will be unable to do any jury business for a period of two years," and that the plaintiff Polk county will in the meantime be required " to maintain and meet the expenses " of said court for the transaction of business without having the same transacted. That accused

persons are in custody awaiting the action of the grand jury, and others will be apprehended and detained hereafter. That said persons will either have to be maintained at the expense of the county an unusual and unnecessary length of time, or must be released because such detention may be found illegal.

Conceding, for the purposes of this case, that the plaintiffs, as taxpayers, may be affected financially because of the conditions pleaded, we are of the opinion that they cannot maintain this action on account thereof. The courts are not ordinarily the dispensers of public funds, and have no control over such funds save as an incident to the expeditious and proper conduct of the business before them, and then only by direction to the proper authorities charged with the disbursing of such funds. In the case before us, no order has been made that will either increase or diminish any fund to which any of the plaintiffs have already or to which they may in the future contribute, except as such fund may be affected incidentally by the future administration of the law, and it is manifest that a taxpayer may not control judicial action because such action involves indirectly and incidentally the expenditure of public funds to which he has contributed, or to which he may in the future contribute. If such a rule were to be established, every taxpayer in the State might by *certiorari* or other proceedings question the jurisdiction of the courts whenever judicial proceedings involved an expenditure of public funds, as such proceedings always do. It is clear that *certiorari* will not lie to review the action of a court when such action involves only the expense necessary to the maintenance of the courts and the due administration of the law.

It is, of course, a well-settled rule in this State that a taxpayer may maintain an action in his own name to prevent unlawful acts by public officers which would " increase the amount of taxes he is required to pay, or diminish a fund to which he has contributed." *Snyder v. Foster,* 77

Iowa, 638. But this rule has never been applied to a case of this nature, so far as we are advised. In the cases cited and relied upon by the plaintiffs in support of this branch of their argument, the defendants were charged by law with specific duties relating to such funds. Polk county is certainly in no better situation so far as interest is concerned than the other plaintiffs. It is a political corporation, and not a taxpayer, and we know of no authority conferring upon it the right to sue in behalf of the taxpayers in actions of this nature.

Conceding, however, that it has such authority by virtue of its control of the public funds, it is manifest that it can have no greater right than those for whom it acts, and, the taxpayers themselves having no such interest as will permit them to maintain the action, the county is likewise without such right. That a county has no such general interest in judicial proceedings as will enable it to maintain the action, is we think, fundamental. But see, on the subject of its powers, chapters 1 and 2 of title 4 of the Code, and *Jefferson v. Ford,* 4 G. Greene, 367; *Hull & Argalls v. County of Marshall et al.,* 12 Iowa, 142.

Moreover, neither the county nor the other plaintiffs were parties to the record in the proceedings on the motion, and it is a general rule that strangers to the record have no right to the writ of *certiorari.* *Wilson v. Remley,* 106 Iowa, 583; *Davis County v. Hoon,* 4 G. Greene, 94; *Iske v. City of Newton,* 54 Iowa, 586; 6 Cyc. 766 to 769, inc.

The plaintiffs other than the county allege that they have suits pending which are triable to a jury, and that by reason of the order they are prejudiced. They might have tested the validity of the order in the proper way, if they had demanded jury trial upon the call of their cases for trial; but this was not done, no case was called for trial, and, as a matter of fact, the plaintiffs had suffered no injury at the time they filed their pleadings and asked to have the order set aside. They were simply anticipating

some wrong or injury, and a writ of *certiorari* will never issue in such cases.   Iske v. City of Newton, *supra;* 4 Ency. Pl. & Pr. 48; 6 Cyc. 761.

The plaintiffs say that the order declaring the lists void was final, and they were bound thereby.   But they were not parties thereto, and in our judgment they were not thereby precluded from questioning the order in the regular course of judicial procedure.   It is also possible that the district court, when called upon to determine the question in judicial proceedings and to determine the rights of litigants, may have taken a different view of the question and found means to provide a jury where demanded.   If the plaintiffs' contention should now be sustained, there is no certainty that a jury will ever be needed for them, and we should be passing upon a moot question.   See *Davidson v. Wright,* 46 Iowa, 383.

Furthermore, it is fairly apparent from the pleadings and the record that the plaintiffs are attempting to represent the general public rather than their individual interests, and they have failed to show authority or warrant for so doing.

The motion to dismiss should be, and it is, sustained. The petition is therefore dismissed, and the writ quashed.— *Dismissed.*