HENRY S. KEELY, Appellant, v. BOARD OF SUPERVISORS OF
   DUBUQUE COUNTY, IOWA, and JOHN P. KINGSLEY, JOS.
   CONNOLLY, JOHN L. COONEY, M. W. DALY, FRANK D.
   FERRING, T. H. McQUILLEN and JOHN VORVALD, Acting
   as the Board of Supervisors of Dubuque County, Iowa.

**Soldiers' relief:** DISBURSEMENT OF FUNDS: COMMISSION. The statutes
1   providing a fund for the burial of indigent soldiers, and its distri-
    bution through a soldiers' relief commission consisting of three per-
    sons, two of whom shall be honorably discharged Union soldiers,
    sailors or marines, contemplate the appointment of veterans of the
    Civil War between the states, in preference to veterans of the Span-
    ish War.

**Certiorari:** WHO MAY MAINTAIN SAME. Certiorari is not a remedy
2   available to an individual who has no direct interest in the matter
    to be reviewed, and who does not show that he will suffer special
    injury beyond that which will affect him in common with the gen-
    eral public, or others similarly situated; especially where there is
    another available remedy.

**Soldiers' relief commission:** APPOINTMENT: QUO WARRANTO. Quo
3   Warranto is the proper remedy for testing the act of county super-
    visors, where it is claimed that they have improperly appointed a
    veteran of the Spanish War as a member of the soldiers' relief com-
    mission, when the statute gives a preference to veterans of the Civil
    War.

*Appeal from Dubuque District Court.*—HON. JOHN W.
KINTZINGER, Judge.

THURSDAY, JANUARY 16, 1913.

DEMURRER to the petition praying that a writ of certiorari
issue was sustained, and, as plaintiff elected to stand on the
ruling, the petition was dismissed. The plaintiff appeals.—
*Affirmed.*

*John R. Waller, George Cosson,* Attorney General, and *Henry E. Sampson,* Special Counsel, for appellant.

*P. J. Nelson,* County Attorney, for appellees.

LADD, J.—Section 430 of the Code Supplement authorizes the board of supervisors to levy a tax to create a fund ''for the relief of and to pay the funeral expenses

1. SOLDIERS' RE-
LIEF: disburse-
ment of
funds: com-
mission.

of honorably discharged indigent United States soldiers, sailors, marines and their indigent wives, widows and minor children.''
The next section directs that the fund ''shall be disbursed by the soldier's relief commission which shall consist of three persons, two of whom shall be honorably discharged Union soldiers, sailors or marines to be appointed by said board . . . at the regular meeting in September,'' and provides for the qualification and organization of such commissioners. Section 432, Code Supplement, specifies their duties. The petition alleged that plaintiff was a citizen of Iowa and resident of Dubuque county, and an honorably discharged Union soldier, that but one of the two incumbents of the commission for Dubuque county was a Union soldier, and that, notwithstanding this, the board of supervisors appointed George Schaffhauser to fill the vacancy, though he was not a Union soldier, but was an honorably discharged soldier of the Spanish War, and prayed that a writ of certiorari issue to test the validity of such appointment. A few days later E. H. Smith filed a petition of intervention, making like allegations ending with the same prayer. In response to an order to make the petition more specific, plaintiffs alleged the appointment was prejudicial to intervener, who was a candidate for the position. In a second amendment it was alleged that refusing to appoint Smith deprived him of emolument of $75 per annum paid each commissioner for services as such. A demurrer on the grounds (1) that no prejudice resulted to plaintiffs from the action of the board, (2) that plaintiffs had no interest in the contro-

versy, and (3) that Schaffhauser possessed the qualifications for the position exacted by statute was sustained, and it is of this ruling that complaint is made.

Taking up the grounds in the reverse order, it is to be said that what was intended by the statute is perfectly manifest. The soldiers, sailors, and marines who fought in the Civil War of 1860-65 are now referred to, and since that conflict terminated have been referred to as Union soldiers, sailors, or marines; and Confederate soldiers, sailors and marines; the former having fought to preserve the Union of the states and the latter for the establishment of the so-called confederacy. No argument is required to demonstrate that the Legislature in enacting this statute intended that two citizens known to have been Union soldiers, sailors, or marines of the Civil War and honorably discharged should be incumbents on the soldiers' relief commission. This does not exclude the Spanish War veteran as three constitute the commission, but does give preference to the Civil War veteran, probably because a greater number of these will require relief and interment.

Of course, it was the duty of the board of supervisors to obey the law in making the appointment, but the remedy chosen is not available to correct the error in which that body has fallen. In the first place, plaintiffs do not aver that either of them are directly interested, or that either have been, or are likely to be prejudiced by the action of the board. True, the amendment to the petition alleged Smith was an applicant for the place, but the board of supervisors is not limited to those applying from which to make selection. Any citizen of the designated class would be eligible, and the only effect of nullifying the appointment of Schaffhauser would be to clear the way for some one of the class designated by statute. The writ of certiorari is not available to an individual who has no direct or particular interest in the proceedings sought to be reviewed, and who does not show that he will suffer a special injury beyond that which will affect him in common with the public

2. CERTIORARI: who may maintain same.

or others similarly situated, especially where another remedy is available. 6 Cyc. 768; *Welsh v. Mahaska County,* 23 Iowa, 199; *Darling v. Boesch,* 67 Iowa, 702; *Iowa News Co. v. Harris,* 62 Iowa, 501; *Smith v. Yoram,* 37 Iowa, 89; *Iske v. City of Newton,* 54 Iowa, 586; *Wilson v. Remley,* 106 Iowa, 583; *Davis County v. Horn,* 4 G. Greene, 94; *Collins v. City of Keokuk,* 108 Iowa, 28; *Blodgett v. McVey,* 131 Iowa, 552; *Polk County v. District Court,* 133 Iowa, 710; *Mayor, etc., Jersey City v. State,* 53 N. J. Law, 434 (22 Atl. 190). This rule has been so far modified as to permit the writ to be sued out by persons whose interests are identical with the mass of the community, where the matter sought to be reviewed affects the public generally, or where private rights are invaded by persons clothed with authority. 6 Cyc. 769; *State v. Mayor, etc., of Jersey City,* 63 N. J. Law, 96 (42 Atl. 782). The petition contained no averment bringing the case within these exceptions. Though the person appointed did not possess the qualifications prescribed by statute, there is no pretense that the public or individuals will suffer injury or inconvenience therefrom. Nor in the absence of statute so providing is the writ available to try the title to office. *Desmond v. McCarty,* 17 Iowa, 525; *Miller v. Washington,* 67 N. J. Law, 167 (50 Atl. 341); *Britton v. Steber,* 62 Mo. 370; *People v. Walter,* 68 N. Y. 403.

It would be unfair to deprive the incumbent of the office to which he has been assigned because of disqualification without affording him an opportunity to be heard as a party to the action, and for this reason all the more recent decisions regard proceedings in the nature of quo warranto as the proper remedy. *Daniels v. Newbold,* 125 Iowa, 194.

3. SOLDIERS' RELIEF COMMISSION: quo warranto.

The object of this proceeding seems to have been to remove the incumbent so as to clear the way for some member of the class from which the board of supervisors might select, but, according to the decision last cited, such a suit, being purely anticipatory, cannot be maintained. As there said, "the court

will not permit him to litigate in certiorari proceedings to which his real adversary is not a party the very question which can be effectually settled only on information in the nature of quo warranto.'' The board of supervisors had authority to appoint, but, at most, erred in selecting a person not qualified as prescribed by statute, and the remedy available in such cases is by proceedings in the nature of quo warranto provided by chapter 9, title 21, of the Code.

The demurrer was rightly sustained.—*Affirmed.*