Perkins et al v. Holman et al.

---

PERKINS ET AL v. HOLMAN ET AL.

1. CITIES AND TOWNS : *Annexation of territory to* : *Proceedings to quash.*

   The petition of parties for *certiorari* to quash an order of the County Court annexing territory to a town, must show that the petitioners have an interest in the question as residents or owners of property, either in the old town, or the territory annexed.

2. PRACTICE IN SUPREME COURT : *No reversal for errors without injury.*

Perkins et al v. Holman et al.

The Supreme Court will not reverse except for errors which are substantial and injurious to the appellant.

APPEAL from *Sevier* Circuit Court,
Hon. R. G. SHAVER Special Judge.

*J. E. Borden* and *Eben W. Kimball,* for appellants.

(Argue upon the question of notice, and the merits generally, which questions are not gone into by the Court.)

*B. B. Battle* for appellees.

The petition of appellants does not show that they are interested parties. Under Sec. 81, Act Mch. 9, 1875, Acts 1874–5, p. 34, 35, &c., no one other than interested parties have a right to interfere to prevent annexation. The petition does not show that the territory had been accepted by the town of Locksburg. Petitioners have shown no right to complain. *Powell on Appellate Proceedceedings, p.* 352, *Sec.* 10, *and Acts* 1874–5, *p.* 34, *Sec.* 80–81·

SMITH, J. Perkins and thirty-six other persons joined in a petition to the Circuit Court of Sevier County, praying that the proceedings and order of the County Court in the matter of the annexation of certain territory to the incorporated town of Locksburg might be brought up on *certiorari* and quashed for the want of the notice prescribed by law and for other causes. The County Judge and the Mayor, Aldermen and Recorder of the town were made defendants to this petition. After the proceedings and orders of the County Court had been certified up, the defendants filed a motion to quash the writ of *certiorari*—in legal effect a demurrer to the petition—because it appeared that the judgment and proceedings were regular

and in pursuance of law. This motion was sustained and the petition dismissed.

Without considering the merits of the controversy, there is one insuperable obstacle in the way of reversing the judgment below. Neither the petition, nor any other part of the record, shows that the petitioners have any interests to be affected by the determination of the question sought to be presented. It is not alleged that they, or any of them, reside, or own property, either in the old town, or in the territory proposed to be annexed. It does not appear what right the petitioners have to interfere to prevent annexation. This is a subject upon which no presumptions can be indulged by an appellate court. There must be a substantial error, injurious to the appellants, before we can disturb the judgment of the Circuit Court.

Affirmed.