LIPPMAN, MORRISON & COMPANY, Appellants, v. W. H. WARREN, Sheriff, etc., Respondent; JENNIE SAUNDERS, Interpleader.

### Kansas City Court of Appeals, May 5, 1902.

**Executions: EXEMPTIONS: SHERIFF: EFFECT OF INTERPLEA.** An execution plaintiff sued the sheriff for money in his hands made on the execution.   The sheriff answered that the execution defendant claimed the money as exempt and asked that she be ordered to interplead.   The decree went and she appeared and filed her interplea:   *Held*, the decree ordering the execution defendant to interplead discharged the sheriff from the cause, leaving the controversy between the plaintiff and the interpleader in which the sheriff could have no interest, and the changing the venue of that controversy did not take the controversy between the plaintiffs and the sheriff with it, since it had been fully adjudicated by the decree of interpleader.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

REVERSED *(with directions).*

*E. B.* and *H. M. Chestnut* for appellants.

(1) An interpleading suit involves two successive litigations, the one between the plaintiffs (in the bill) and the defendants upon the question, whether the defendant shall inter-

plead; the other between the different defendants, i. e., the interpleader itself. The subject of these two litigations are wholly separate and distinct. Story Eq. Pl., sec. 291; Langsdell on Eq. Pl., sec. 162; Roselle v. Bank, 119 Mo. 84. (2) In such case, the only decree that the plaintiff can have is that the defendants do interplead. Story Eq. Pl., sec. 297. When this is obtained, the plaintiff is altogether out of the suit, leaving the defendants alone to contest their conflicting claims. Glassner v. Weisberg, 43 Mo. App. 214; 2 Daniel Ch. Prac., 1659, 1660, 1675, 1680; Ins. Co. v. Ins. Co., 23 Minn. 7; Temple v. Dawson, 19 Barb. (Ark.), 148. (3) With the decree determining the rights of the defendant interpleaders to the fund he would have no concern and could not be heard to call it in question by motion for rehearing. State ex rel. v. Kumpff, 62 Mo. App. 336. (4) The three-sided controversy between the defendant, the plaintiffs, and the interpleader, involving the interpleading itself, was litigated to a final judgment in the circuit court of Jasper county, and the proper decree entered in that court. State ex rel v. Sutterfield, 54 Mo. 394; Gale v. Mitchie, 47 Mo. 326; Story Eq. Pl., sec. 297; Temple v. Dawson, 19 Barb. (Ark.) 148. (5) The decree of the circuit court of Jasper county is *res adjudicata* and is a complete estoppel in every other jurisdiction and the matters determined therein can not be reopened by the circuit court of Vernon county. Wells on Res Adjudicata, ch. 22; Henry v. Woods, 77 Mo. 280; Railroad v. Levy, 17 Mo. App. 507; Biglow on Estoppel ( 4 Ed.), 37; Herman on Estoppel, secs. 99, 100; Herman on Estoppel and Res Adjudicata, sec. 111.

*Thomas & Hackney* and *F. M. Redhum* for respondents.

SMITH, P. J.—This is an action based upon the provisions of section 3221, Revised Statutes 1899. The petition alleged that the defendant, Warren, was sheriff of Jasper

county, and had in his possession an execution in favor of plaintiffs against the interpleader herein, and on which he had made the money therein specified, but did not have it before the court, nor did he pay it over according to law.

The answer of the defendant admitted the truth of the allegations of the plaintiffs' petition, and then alleged that the execution defendant was a resident of Jasper county, a housekeeper and head of a family, and that she had given him written notice that she elected to take the said sum of money in his hands as exempt property in lieu of that mentioned in the first and second subdivisions of section 3159, Revised Statutes 1899 and that she claimed said money as exempt, etc. And further that the defendant had refused to pay said sum to either plaintiffs or the execution defendant, lest he be required to pay the same a second time, and that he was at all times ready and willing to pay it over to the party entitled thereto; that he had no interest in it, and offered to bring it into court, etc. The prayer was that the court require the execution defendant to interplead in the cause and submit her rights to its judgment so that defendant might be protected in the payment, etc.

And thereupon a rule was awarded to the execution defendant requiring her to appear and interplead for the fund, which rule was duly served and thereafter she appeared and filed an interplea in the cause. After she had filed her interplea, a change of venue of the cause was, on her application, granted to the county of Vernon, where the plaintiffs filed a motion for judgment on the pleadings to the effect that the money on deposit be paid over to them. Afterwards, pending the plaintiffs' motion for judgment, the court permitted the interpleader to withdraw her interplea and to be discharged under the rule requiring her to interplead, and thereafter the court sustained the plaintiffs' motion, ordering the fund in the custody of the clerk to be paid over to the plaintiffs.

After this order had been made, defendant Warren reappeared in the cause and filed a motion to set aside the same, which was sustained. The defendant thereupon filed an amended answer, pleading substantially the same facts as were pleaded in his first answer. In this latter the defendant prayed that the interpleader be again required to interplead and establish her claim, if any she had, to the fund in the custody of the court, etc. The plaintiffs filed a motion to set aside the order of the court vacating its decree and directing the payment of the fund to them, which was denied by the court.

When the defendant had brought the fund in his hands into court and obtained as he did an order on the execution defendant to appear and interplead for it, he from thenceforth had no concern as to the result of the controversy between her and the plaintiffs in respect to it. The action as between the plaintiffs and himself terminated at that point. The order of the court requiring the execution defendant to interplead was all the decree that he could have in the case. Though a defendant in the action of the plaintiffs against him, yet by his answer and the order of the court requiring the execution defendant to appear and assert her claim to the fund he had paid into court, he was out of court, and in effect discharged from the cause, leaving the controversy between the plaintiffs and the interpleader to be carried on by them without his presence. Duke v. Duke, 93 Mo. App. 244; Glassner v. Weisberg, 43 Mo. App. 214; State v. Kumpff, 62 Mo. App. 332; Arn v. Arn, 81 Mo.App. 133; Price v. Mining Co., 83 Mo. App. 470.

The defendant, having succeeded in bringing the two adverse claimants into court face to face where they could assert their respective claims to the fund, had no further right thereafter to intermeddle or interfere in the contest between them. When the venue of the interpleader suit was changed to Vernon county, it did not have the effect to carry along with it the con-

Fuller Brothers v. Fidelity & Casualty Co.

troversy between plaintiffs and himself, which had previously
passed into the domain of adjudicated matter.   His appear-
ance and action taken in the latter court in the interpleader suit
was but that of an interloper.   He had no more right to file a
motion to set aside the decree, which plaintiffs had obtained
against the interpleader, than any other stranger would have
had.   This decree was not against him personally, nor was he
in any way interested in the fund or the disposition therein
made of it.

No one interested in any way in the fund disposed of by
the decree had made any complaint in respect thereto, and it
is impossible to discover by what right the defendant in the
original suit had to attack the plaintiffs' decree, to which he
was not a party, nor had he any right or concern therein.

The action of the court in sustaining the motion of the
defendant to set aside the decree in favor of the plaintiffs, was,
we think, erroneous, and accordingly that order will be re-
versed with directions to reinstate the decree.   All concur.