# CUMMINGS v. CLINTON COUNTY, Appellant.

## Division Two, March 23, 1904.

1. **REWARD: Liability of County.** A subscription paper read: "We the undersigned promise to pay the city treasurer of Cameron, as trustee for the person apprehending the murderer of George Leonard, to be paid upon final termination of legal proceedings resulting in the conviction of said murderer" the amounts set opposite our names, and on this paper one of the county judges, having been authorized thereto by another, wrote: "Clinton county, $300, by order of the county court in vacation. Steele and Atchison," and this paper was seen by the plaintiff, a third party, as were also notices thereof distributed throughout the county by the sheriff. *Held*, that upon the arrest of the murderer by plaintiff, and his conviction and punishment, the county, under the statute (sec. 2474, R. S. 1899) was liable to him for the $300.

2. ———: ———: **General and Special Trustee.** The fact that the reward paper provides that all persons signing it "promise to pay to the city treasurer as trustee for the person apprehending the murder" does not enlarge the liability of the county beyond the limits fixed by the statute, nor vitiate it, for if that part is eliminated the offer would be good, and the county was in no wise prejudiced by it.

3. ———: ———: **Apprehension and Arrest.** Nor is the offer invalid because it contains only the word "apprehending," and not the word "arresting" also. The words "apprehend and arrest" used in the statute mean no more than the word "apprehend" alone would.

4. ———: ———: **In Writing.** The signing of the names of two of the judges to the subscription paper by one of them, who had been authorized thereto by the other, was in writing within the meaning of the statute requiring all contracts by counties to be in writing.

5. ———: ———: **Spreading Offer On Record.** It is not necessary that the offer of a reward for the apprehension of a felon, made by the judges of the county court in vacation, be spread upon the records of the court.

6. ———: ———: **Authorization by Telephone: Delegation of Authority.** One county judge can by telephone authorize another to sign his name to an offer of reward for the apprehension of a felon made in vacation. Such act is not a delegation of his authority. It was simply the manner of executing an authority conferred on him as a member of the county court by a statute which does not prescribe the manner in which that authority is to be executed.

7. ———: ———: **Compliance With General Offer.** The compliance by any one with the terms of a general offer of a reward for the apprehension of a felon, if authoritatively made, makes the offer a binding contract between that person and the county.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Thos. W. Walker* and *Wm. Henry* for appellant.

(1) Under section 2474, Revised Statutes 1899, neither two judges of the county court, nor the court itself, had the power to make a promise for the county, or in any way bind the county to pay money to a third person in trust for the person apprehending a felon, and the promise relied on in this case to pay $300 to the city treasurer of the city of Cameron for the person apprehending the murderer of George H. Leonard, is void as to the county. (2) There is no power in the county court, or any two judges thereof, to offer a standing reward for the mere apprehension of a person who has committed a felony, the statute on the subject simply vesting power to offer a standing reward for the "apprehension" when coupled with the "arrest" of the felon. R. S. 1899, sec. 2474. (3) What took place between Judges Steele and Atchison in their talk over the telephone was not an offer of a reward within itself. 21 Am. and Eng. Ency. of Law, 389, 391, 395. And it was not sufficient to justify and give validity, as against the county, to the act of Judge Steele in subscribing $300

to the promise or subscription list in evidence and relied on as an offer, for it is axiomatic that when special authority is conferred by law upon two officers, whether judicial or not, their authority must be strictly pursued, and in the exercise thereof both must act together and jointly, and in no such matter can one delegate his authority to the other. Powell v. Tuttle, 3 N. Y. 396. (4) Such subscription to the subscription list, or reward paper as affixed by Judge Steele, is void upon its face as an act of two judges of the county court, for it purports to be by order of the county court, and is not signed by any two judges of that court, nor indeed by any one judge by his proper or individual name or signature, while under the rules of law officers must sign their official orders and documents and sign them officially. (5) A county court is a court of record and as such can only speak through its records. County of Johnson v. Wood, 84 Mo. 516. And when two judges of that court are to perform any act in vacation which the court alone can do in term, they must make some record of their action, and acting in chambers in such a case as the one in hand, they should have made and signed some proper order or manifesto containing a proposition to pay out of the county treasury for the authorized services to the person performing such services, a designated and authorized sum, but not to be paid until final conviction of the felon.

*James E. Goodrich, Frank B. Ellis, Joel Funkhouser* and *R. H. Musser* for respondent.

(1) A statute with respect to the subject-matter in force at the time the contract is entered into, within this State, becomes a part of the contract, as much as if copied into it. Cravens v. Ins. Co., 148 Mo. 604; Havens v. Ins. Co., 123 Mo. 403; Reed v. Painter, 123 Mo. 680; Wolt v. Bering, 74 Mo. 96. (2) Payment of a subscription made directly to the party interested is a

good defense to an action to recover the subscription, brought by the agent, or collector named in it to receive payment. Barber's Law of Payment, p. 69, sec. 108; Ervin v. Lapham, 27 Mich. 311. (3) In Missouri a party for whose benefit a contract is made, between others, may maintain an action thereupon in his own name, without the trustee being joined; or it may be maintained by either or both. Ellis v. Harmon, 104 Mo. 277. (4) Section 540, Revised Statutes 1899, requires all actions to be brought in the name of the real party in interest. (5) Under section 2474, two judges of the county court, in vacation, had the right to offer the reward. It is not claimed or contended that the offer was made by the court, but by two judges in vacation. Hence, it is a special proceeding, no notice being required, the only requisite being that two judges shall make the offer. The offer in this case was the result of a conference, mouth to mouth, by two judges, wherein they agreed to offer in behalf of the county $300 for the apprehension of the felon. Therefore, the county is bound. (6) There is no requirement in the law that the action of judges in vacation shall have an especial record repository, or that any record shall be made thereof. (7) If the action of the two judges was authorized by law, a failure on their part to preserve a record thereof would not affect the rights of the claimant, to whom they made a valid offer. Decker v. School District, 101 Mo. App. 115. (8) The word "apprehension" is used frequently interchangeably for the word "arrest," but "apprehension" is more properly used in criminal cases, "arrest" in civil cases. Bouvier's Law Dictionary; Montgomery Co. v. Robinson, 85 Ill. 174; 3 Cyc. Law and Proc., p. 874a. (9) Plaintiff's acts were a full and complete compliance with the terms of the offer, even conceding that "apprehension" and "arrest" require more than apprehension, as his acts and conduct fully satisfy the requirements of the law. Lovejoy v. Railroad, 53 Mo. App. 386.

BURGESS, J.—This suit was commenced by plaintiff in the county court of Clinton county to recover of said county a reward of $300, which he claims was offered by two judges of said court for the apprehension of the murderer of George H. Leonard, late city marshal of Cameron, Missouri, to be paid upon final termination of legal proceedings resulting in the conviction of said murderer. The demand was disallowed by the county court, whereupon plaintiff appealed to the circuit court of said county, where the case was tried *de novo* before the court, a jury being waived. The trial resulted in a judgment for the plaintiff for said sum of $300 and costs.

Thereafter defendant filed a motion for new trial and in arrest, which were overruled, and defendant brings the case to this court by appeal for review.

The facts are, that on the night of March 18, 1898, George H. Leonard, who was then city marshal of Cameron, was murdered in the railroad depot at Cameron Junction in said city. Reward was offered for the apprehension and punishment of the murderer, and for the purpose of indicating or expressing the amount that each subscriber would contribute for the purpose a caption was formulated to a paper for them to sign, which reads as follows:

"Cameron, Mo., March 28, 1898.

"We the undersigned promise to pay the City Treasurer of the city of Cameron, Clinton county, Missouri, as trustee for the person or persons apprehending the murderer of George H. Leonard, late city marshal of said city, the sum of money set opposite our names, to be paid upon final termination of legal proceedings resulting in the conviction of said murderer."

E. S. Steele was at the time a member of the county court of Clinton county for the district in which the city of Cameron was located, and was requested by citi-

zens who were interesting themselves in raising the amount of the reward to subscribe some amount as such member of the court in behalf of Clinton county, to the end that that the murderer might be apprehended and punished for the offense.   Judge Steele expressed a willingness to do so, but seemed to be doubtful about getting either of the other members of the court to join him in so doing, and for that purpose called up Judge Atchison, another member of the court, over the telephone, and the two agreed that they would offer three hundred dollars in behalf of the county; whereupon Judge Steele wrote upon said subscription paper the following:

"Clinton county, $300, by order of the county court in vacation.   Steele and Atchison."

Thereafter the sheriff of the county caused notices to be distributed throughout that part of the State, one of which at least reached the hands of the plaintiff, Ed L. Cummings, who saw the paper signed by the different parties, and acting upon the faith of the reward offered, made diligent effort to find out and apprehend the offender.   At his own expense he made several trips to different places in his efforts to find the criminal, and hearing of a negro in Topeka, Kansas, who answered the description of the alleged murderer, he went there first in person, later with an eyewitness to the homicide, both trips being made at his own expense.   This witness identified one Robert Cushenberry as the person for whom the reward was offered.   Whereupon Cummings returned to Plattsburg, Clinton county, Missouri, and caused to be filed against the said Robert Cushenberry a complaint charging him with the murder of Marshal Leonard, and also procured one J. E. Park to go to Topeka with requisition papers and bring the said Cushenberry back to Clinton county, so that he might be legally tried, the said Cummings accompanying said Park on his trip.

They brought said Cushenberry back to Clinton county, turned him over to the sheriff, and afterwards, at the September term, 1899, of the circuit court of said county, said Cushenberry was duly convicted of killing and murdering said Leonard. Afterwards said Cushenberry appealed said case to the Supreme Court of the State of Missouri, where the judgment of the lower court was in all things affirmed. [State v. Cushenberry, 157 Mo. 168.]

No declarations of law were asked by the plaintiff.

The defendant asked the court sitting as a jury to declare the law of the case to be as follows:

"1. The court declares the law to be as follows: that there can be no liability against the defendant county, on account of the demand sued for in this cause, unless it appears from the records of the county court of said county that the reward was offered by said court, or from an entry on said records made or authorized in vacation of said court by two judges thereof acting officially for the purpose of offering said reward, that a reward was offered for the apprehension and arrest of the murderer of George H. Leonard.

"That under the law and the evidence the plaintiff is not entitled to recover."

The court refused to declare the law as asked by defendant, but rendered judgment for plaintiff as before stated.

Defendant in due time thereafter filed motions for a new trial and in arrest, which being overruled defendant appeals.

The only authority that any two judges of the county court of any county in this State have in vacation to offer a reward of not exceeding five hundred dollars for the apprehension and arrest of a person who has committed a felony in said county is to be found in section 2474, Revised Statutes 1899, which reads as follows:

"Whenever the county court of any county in this State, or any two judges thereof in vacation, shall be satisfied that any felony has been committed in said county, such court or judges may, at their discretion, offer a standing reward of not exceeding five hundred dollars for the apprehension and arrest of the person or persons committing the same, which reward shall be paid out of the county treasury; but in no instance shall any reward, or any part thereof, be paid to any person who may be entitled thereto until final conviction of the defendant."

Defendant contends that under this statute neither two judges of the county court, nor the court itself, had the power to make a promise for the county, or in anyway bind the county to pay money to a third person in trust for the person apprehending a felon, and the promise relied on in this case to pay $300 to the city treasurer of the city of Cameron for the person apprehending the murderer of George H. Leonard, is void as to the county. The argument is that the so-called reward offered in this case is a promise to pay to the city treasurer of the city of Cameron as trustee for the person or persons apprehending the murderer of Leonard, and is therefore a special reward, and as a special authority must be strictly pursued, the power to offer a standing reward to be paid out of the county treasury, but not to be paid to any person entitled to it until final conviction, does not authorize a promise to pay one as trustee for such person. Therefore, the crucial test of the validity of the offer by the members of the county court, they being agents of the county and acting as such, is whether the offer was within the scope of their authority.

It is clear, we think, that the reward was general, and if made in accordance with the statute, plaintiff under the facts and circumstances disclosed by the record is entitled to it, and can maintain this action

against the defendant county for its recovery, he having accepted the terms of the offer and complied with them.

In the case of Pierson v. Morch, 82 N. Y. 503, it was held, where an advertisement was published offering a reward for information in respect to or for a return of lost property, an acceptance of it by any person who is able to give the information asked, or to return the property, creates a valid contract; and on compliance with its terms an action is maintainable to recover the reward offered.    The same principle is announced in Cummings v. Gann, 52 Pa. St. 484, and in fact by all of the authorities.    Does then the mere fact that the reward paper provides that all persons signing it "promise to pay the city treasurer of the city of Cameron, Clinton county, Missouri, as trustee the sum of money set opposite their names for the person or persons apprehending the murderer of George H. Leonard," etc., vitiate it? We are of the opinion that it does not.    It in no way enlarged the liability of the county, or imposed other or additional burdens upon it, and, if the two members of the county court who signed it would have had the authority to do so with that part of the reward eliminated from it, surely their act was not rendered nugatory by something which in no way prejudiced the county.    That part of it might be ignored by the county for the want of authority by the two judges to make it, and the offer of the reward held good, in other respects.

It is said for defendant that there is no power in the county court, or any two judges thereof, to offer a standing reward for the mere "apprehension" of a person who has committed a felony, the statute simply vesting power to offer a standing reward for the "apprehension" when coupled with the "arrest" of the felon.    In other words:   It does not seem that the so-called offer of a standing reward is broad enough in its terms to meet the special authority given by the statute.    The object or services for which it authorizes the payment and offer, is the "apprehension and arrest" of the felon,

while the promise in this case is for the mere service in
"apprehending" the felon.

It is true that the words used in the statute are
"apprehension and arrest," while in the reward paper,
the word "apprehension" alone is used, but their mean-
ing is substantially the same and it is generally so

One of the definitions of "apprehension" given in
Webster's International Dictionary is: "to take or seize
(a person) by legal process; to arrest; as, to apprehend
a criminal." Arrest is defined in the same work as,
"The taking or apprehending of a person by authority
of law; legal restraint; custody." It will thus be seen
that the one is comprehensive of the other.

Defendant also contends that what took place be-
tween Judges Steele and Atchison over the telephone,
and the fixing by Judge Steele of the names of "Steele
and Atchison," etc., to said promise, falls short of an
offer of a standing reward for the apprehension and
arrest of the person who committed the felony, as con-
templated by statute, in that, it was not in writing as
all contracts by counties are required to be. [Sec. 6759,
R. S. 1899.] But the offer of the reward was in writ-
ing, and when its terms were complied with the person
so doing or bringing about that result was entitled to
the reward, provided of course it was legally and prop-
erly offered. It was not necessary, however, that the
offer of reward be spread upon the records of the county
court, for no such thing is contemplated by the section
of the statute (sec. 2474) which authorizes two mem-
bers of the county court to offer a reward in vacation,
nor would it be practical to do so where prompt action
is required, as seems to have been the case in this in-
stance.

Judge Steele had the same authority to write on the
subscription paper the words and characters: "Clinton
county, $300. By order of the county court in vacation.
Steel and Atchison," that he would have had if Judge

Atchison had been present and authorized him to do so, he having done so by telephone. Indeed, his authorization by Judge Atchison to do so does not seem to be questioned.

It may be conceded that the right to recover a general reward is based upon contract, but when its terms are complied with, it matters not by whom, it is then accepted and the person so complying is entitled to the reward, if the offer was authoritatively made. We are, however, unable to concur in the view that Judge Steele was without authority to offer the reward, and thereby bind the county. He acted after consulting with Judge Atchison with respect to the offer, and after advising him of the nature and suggesting to him that "we ought to give $300," Atchison replied, "Well, if that is the case, I will join you." He then went and wrote upon the reward paper as before indicated and signed the names, "Steele and Atchison." The authority from Atchison to Steele was sufficient to authorize him to sign the paper as was done. They were both members of the county court at the time, and it was discretionary with them, as such, as to whether or not they would offer a reward for the county, but neither they nor either of them could have authorized any other person to do so, because it required the exercise of discretion by them which could not be delegated. But having agreed to offer a reward and the amount thereof, the manner in which it was done, in the absence of statutory enactment indicating a different course, was, under the circumstances, within the limits of their authority, and in so doing it was not necessary that their names should have been signed in full or officially. As offered, it resulted in the accomplishment of that for which the law authorized it, and for which it was intended, that is, the apprehension and conviction of the murderer, and defendant should not be permitted to avoid its payment in the absence of some good and substantial reason therefor.

From what has been said it must necessarily follow

that the court did not err in permitting to be read in evidence the subscription list over the objection of defendants.

Our conclusion is that the judgment is for the right party and should be affirmed. It is so ordered. All concur.