BUSHMIAER *v.* SPECIAL PROTECTIVE REWARDS COMMITTEE OF ARKANSAS BANKERS' ASSOCIATION.

Opinion delivered March 21, 1932.

*R. S. Wilson,* for appellant.

*Starbird & Starbird, Partain & Agee* and *Wm. G. Akers,* for appellees.

HUMPHREYS, J. The issue involved on this appeal is which of three claimants is entitled to a reward of $500 offered by the Special Protective Rewards Committee of the Arkansas Bankers' Association for the arrest and conviction of any one implicated in the robbery of the Bank of Alma on or about the 14th of September, 1926.

The committee brought this suit in the chancery court of Crawford County, admitting its liability in the sum of $500 for the arrest and conviction of Ky Coatney for complicity in the crime, alleging that appellant, its co-appellees, and W. S. Chastain each claimed all the reward, and praying that the court determine to whom the reward should be paid.

Each of the three intervened and claimed to have earned the entire reward.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a finding and consequent decree adjudging that the reward be divided equally between appellant and A. D. Maxey and his deputies, to which all parties excepted, and from which is this appeal and cross-appeal.

Appellees contend for an affirmance of the decree because the bill of exceptions was not filed within sixty days first allowed to file same. Nineteen days after the time elapsed, the court allowed additional time and signed and filed same. The original time given and the additional time allowed was given and allowed during the same term of court, so there is no merit in appellee's contention for the reason that a court has absolute control over all orders and decrees rendered during the term, and may modify, change, or set them aside at any time before final adjournment.

An inspection of the record discloses that the salient and controlling facts necessary to a determination of the issues involved are undisputed.

On the day of the robbery, W. S. Chastain discovered suspicious circumstances in the conduct of Ky Coatney which convinced him that Coatney was implicated in the crime, and immediately went to J. C. Alexander, the cashier of the looted bank, who was the person in charge of the investigation and prosecution of the guilty parties, and told him of Coatney's suspicious conduct and urged that he be arrested. The next day after the robbery, A. D. Maxey, sheriff, aided by his deputies, arrested Ky Coatney without a warrant and placed him in jail. J. C. Alexander informed the prosecuting attorney and A. D. Maxey of the information obtained from Chastain, whereupon Chastain appeared before the grand jury and gave testimony, upon which the indictment was rendered charging Coatney with the crime of robbery. Coatney gave bond for his appearance in the circuit court and absconded. A forfeiture was taken on the bond, which was set aside by the Governor at the instance of appellant. J. C. Alexander obtained information that Coatney was living with a brother in New York and imparted this information to appellant, who had, in the mean time, been elected sheriff of Crawford County to succeed A. D. Maxey. A requisition was procured for him, and appellant proceeded to New York as agent or representative of Arkansas, paying his own expenses, apprehended and returned Coatney to the Crawford County jail. At the succeeding term of the circuit court, Coatney pleaded guilty to the charge in the indictment returned on the evidence of W. S. Chastain and was adjudged to serve a term in the State penitentiary as a punishment therefor. Within thirty days after his conviction, appellant notified the rewards committee that he claimed the reward. The others failed to notify them of their claim, but, having heard that there were three claimants for the reward, they filed the instant suit and offered to pay the reward into the registry of the court to be paid to the party entitled thereto. There is a dispute in the testimony as to whether they sent it to appellant as a payment or whether they sent it to him through mistake. According

to the weight of the evidence, they intended that it should be deposited in the registry of court, and through mistake sent it to him instead of the circuit clerk. Although ordered by the chancery court to deposit the money in the registry of the court, appellant was permitted to retain same during the pendency of this appeal upon the execution of a supersedeas bond.

The law is that officers acting within the scope of their duties, and those called to aid them in the performance of their official duties, shall not receive rewards or other compensation not allowed by statute. The reason for the rule is based on public policy and is in accord with the weight of authority. *Chambers* v. *Ogle,* 117 Ark. 242, 174 S. W. 532, and numerous cases cited therein.

This rule precludes A. D. Maxey and his deputies from claiming the reward. They were acting within their official duties when they arrested Ky Coatney. Their contention is that they were not acting within the scope of their official duties because they made the arrest without a warrant and because the offense was not committed in their presence. On account of suspicious conduct on the part of Ky Coatney, it was believed that he was implicated in the robbery, and his arrest was based upon this belief. In other words, the officers who made the arrest did so upon the belief that Ky Coatney was one of the guilty parties. Section 2904 of Crawford & Moses' Digest provides: "A peace officer may make an arrest: * * * without a warrant, where a public offense is committed in his presence or where he has reasonable grounds for believing that the person arrested has committed a felony."

The reward was offered for the arrest and conviction of any unknown person implicated in the robbery of the bank, and not for following and recapturing one who had already been indicted for the offense and who had forfeited his bond. Appellant did not procure the indictment and conviction of Ky Coatney, and hence did not bring himself within the purport and intent contained in the terms of the offer of reward. In following and

recapturing Ky Coatney, he did so as an agent or representative of the State and not as an individual. The State could not participate in the reward, and it follows that its agent could not do so where he was acting for the State and not for himself.

The first information disclosed to the cashier of the bank relative to Ky Coatney being a participant in the offense came from W. S. Chastain. He not only disclosed his suspicious conduct to the cashier, but urged his arrest. It is true that A. D. Maxey testified that he received information from some other sources that caused him to arrest Ky Coatney. After the arrest, the cashier notified the prosecuting attorney and A. D. Maxey of the information disclosed to him by W. S. Chastain, and he subsequently appeared before the grand jury and procured an indictment against Ky Coatney upon his own testimony. After the return of the indictment, Ky Coatney gave bond and absconded. When apprehended and returned to the Crawford County jail, he was held under the original indictment until court convened, whereupon he pleaded guilty to the charge preferred in the indictment. We think it may well be said that W. S. Chastain procured the indictment and continued incarceration or arrest of Ky Coatney until he obtained his liberty under bond. There can be no question that his conviction was the direct result of the testimony given by Chastain before the grand jury. W. S. Chastain brought himself clearly within the rule announced in the case of *Railway Company* v. *Dickinson*, 78 Ark. 483, 95 S. W. 802, 115 Am. St. Rep. 54, and earned the reward. In the case referred to, Dickinson swore out a warrant before a justice of the peace against the criminal and later appeared against him as a witness and procured his conviction. In that case, the offer for the reward was a general one, for the arrest and conviction of the unknown offender. We think the instant case is ruled by the Dickinson case, *supra.*

Appellant cites the case of *Chambers* v. *Ogle* as authority for eliminating W. S. Chastain as a claimant

for the reward. In the Chambers case, Mrs. Ogle did nothing except to give a torn envelope with an address on it which led to the whereabouts of the criminals. She did not become a prosecuting witness either before a magistrate or a grand jury, and the conviction was not obtained upon her testimony. The Ogle case is not analogous to the instant case.

On account of the error indicated the decree is reversed, and a judgment is directed to be entered here against appellant and his bondsmen in favor of W. S. Chastain in a sum of $500 and interest thereon from the date appellant received same together with costs incurred in the trial and appeal of the case.

HART, C. J., and SMITH and McHANEY, JJ., dissent.