STATE OF MISSOURI at the Relation of R. T. BENNETT ET AL., Relators, v. WILLIAM DEE BECKER ET AL.—76 S. W. (2d) 363.

Division One, November 16, 1934.

1178

*Omer H. Avery* and *Williams & Huston* for relators.

*Creech & Creech* for respondent.

STURGIS, C.—This is an original proceeding in certiorari in this court asking this court to review and quash the proceedings of the St. Louis Court of Appeals in the case of R. T. Bennett et al., respondents, v. Joseph A. Gerk, Chief of Police of St. Louis et al., appellants, reported in 61 S. W. (2d) 241, as being in conflict with certain controlling decisions of this court. The relators here, Bennett, McGregor, and Groshong, the latter being Sheriff of Lincoln County, Missouri, and the other two his deputies, brought suit in the Lincoln County Circuit Court against Joseph A. Gerk, chief of police of the city of St. Louis, to recover a reward of $2000 offered by said Gerk for "the arrest and delivery to police officers of the City of St. Louis, Mo., of Charles Heuer and Edward Barcume, wanted for kidnaping." The plaintiffs in that action, the sheriff and his deputies, claimed to have complied with the terms of the offered reward and to be entitled to same. The defendant Gerk, evidently by previous agreement, waived service of summons and entered his appearance in Lincoln County and filed therein his bill of interpleader admitting the offer of the reward and that Charles Heuer and Edward Barcume had been arrested and delivered to the police officers of St. Louis by the plaintiff sheriff and his deputies, but stating that other persons,

naming them, were making claims for the reward. The defendant Gerk, therefore, asked the court to be allowed to pay the amount of the reward, $2000, into court, that the court order and require all claimants to the fund to interplead and assert their respective claims, and that he be discharged. This request, on due hearing and without objection, was granted and the order made. In addition to the plaintiffs, Bennett, McGregor, and Groshong, the sheriff and his deputies, who made the actual arrest and delivery of the persons named in the offer of reward, the following persons entered their appearance as interpleaders and by their respective interpleas claimed the reward, all of them living at Hawk Point, in Lincoln County, where the arrest was made, to-wit: E. D. Hamilton, station agent, and R. H. Brown, cashier of the local bank, who filed a joint claim; William F. Nicklin, Thomas B. Hammond, local constable, Florence Cregger, and Ralph C. Cannon. These last two made at most a feeble claim which on the hearing was rejected, their interpleas dismissed, and they dropped out of the case. On the proofs made the trial court awarded $200 to interpleader Thomas B. Hammond, the local constable, for services in connection with the arrest, and a like amount to interpleaders R. H. Brown, local bank cashier, and E. D. Hamilton, station agent at Hawk Point, jointly; to interpleader William Nicklin the sum of $200, and to the plaintiffs, Sheriff Groshong and his deputies, Bennett and McGregor, the balance of the fund after payment of the costs. From this decree the interpleaders Nicklin, Brown, and Hamilton appealed to the St. Louis Court of Appeals. That court reversed the judgment of the trial court and remanded the case with directions to the trial court to enter judgment for interpleader Nicklin for the entire reward, which necessarily includes a judgment that the other interpleaders, including the relators here, take nothing by their interpleas. It is that opinion of the Court of Appeals, Bennett v. Gerk, 61 S. W. (2d) 241, that this court is asked to quash as being in conflict with certain opinions of this court to be noted hereafter.

The opinion of the St. Louis Court of Appeals thus attacked is quite lengthy and sets out the facts and court's rulings thereon at length and we need not copy the same. It will suffice to say here that the court sets out the evidence adduced in behalf of each interpleader, from which it appears that the reward in question was offered for the arrest and delivery to police officers of St. Louis of the named persons, Heuer and Barcume, for the kidnaping of Alexander Berg in St. Louis on November 6, 1931. The reward was offered November 16, 1931, and was published in the St. Louis papers with pictures of the persons wanted and. notices were sent out to sheriffs and like officers. On November 18, 1931, a bank at Winfield, in Lincoln County, was robbed and it was suspected that the

kidnapers of Berg were connected with such bank robbery. Heuer and Barcume were arrested at Hawk Point, in Lincoln County, in the forenoon of November 19, 1931, and the part which the station agent, Hamilton, and the cashier of the local bank, Brown, took in the arrest was that they observed the suspicious acts and appearances of these two men and a companion at Hawk Point that morning and after conferring with each other and with interpleader Nicklin the latter notified the local constable, Hammond, who in turn notified the sheriff's office, with the result that the two deputy sheriffs, Bennett and McGregor, went to Hawk Point and made the arrest. The suspicions and belief of these parties that these two men were the kidnapers wanted in St. Louis and that they were also connected with the local bank robbery the day previous proved to be correct.

The Court of Appeals held that while interpleaders Brown and Hamilton furnished some information which aided in bringing about the arrest of Heuer and Barcume, they did not comply with the terms of the offered reward in arresting them and were not entitled to any part of such reward. As they have not joined in the present action in certiorari and are not here objecting to the Court of Appeals' opinion and judgment, we need not inquire further as to the correctness of that court's action as to them.

The Court of Appeals disposed of the interplea claim of Sheriff Groshong and his deputies, Bennett and McGregor, relators here, and of the claim of Constable Hammond adversely to them on the same grounds, to-wit, that being public officers and acting as such in arresting these criminals and delivering them to police officers of St. Louis, they were acting in discharge of their official duties and cannot demand or receive the offered reward. We quote in part, with our approval, what the Court of Appeals says on this subject:

"Jesse Groshong, R. T. Bennett, and George McGregor were the duly elected and qualified sheriff and deputy sheriffs, respectively, of Lincoln County, Mo. R. T. Bennett, in addition, was constable of Bedford Township in Lincoln County, Mo. . . .

"It is admitted by learned counsel for Groshong, Bennett, and McGregor that they are excluded from receiving the reward on the grounds of public policy unless they come within the exceptions to the rule, the rule being that officers may not receive a reward for services required of them as a part of their official duty. Learned counsel earnestly insist that these officers come within the exceptions to the above rule, and that therefore they are entitled to the reward on the ground that there could have been no official duty resting upon them to deliver the prisoners to the police officers of the city of St. Louis, when there was a criminal charge pending against them in Lincoln County; that the delivery under such circumstances rendered a service outside of their official duties, for which they were

entitled to claim and receive the reward in this case. With this proposition we cannot agree. Their unquestioned official duty was to arrest these men. They later voluntarily released the prisoners and delivered them to the police officers of St. Louis on the statement of said officers that: 'We have a charge down there that we will hang them on. Your jail is not sufficient or a safe place to keep men of that kind. It is not safe to try to hold them here.' Being anxious to see that they were dealt with in accordance with the enormity of their crime, and being impressed with the statement that the jail in Troy (Lincoln County) was not a safe place to keep them, they released and delivered Heuer and Barcume to the police officers of the city of St. Louis.

"We are not impressed with the fact that this was any extraordinary service or service above and beyond their sworn official duties which would entitle them to this reward; that they were courageous and efficient officers is not questioned. The sheriff was in pursuit of the bank robbers at the time he received information that these men had been arrested at Hawk Point by his deputies. His deputies acted promptly and efficiently on information that suspicious characters were at Hawk Point. They made the arrest and recovered a sum of money in excess of $1000, which had been taken from the bank at Winfield, Mo.

"However, these claimants (Groshong, sheriff, Bennett and McGregor, deputy sheriffs), being public officials, it is against public policy to allow them to receive a reward for the performance of their sworn official duty and for which they received fixed fees and salaries, and we must rule that the delivery to the police officers of the city of St. Louis was not such an act or extraordinary service alike beyond and outside the limits of their official duty which would entitle them to claim the reward.

"Kick v. Merry, 23 Mo. 1. c. 76, 66 Am. Dec. 658: 'The case falls within the mischief of the rule of the common law which prohibits an officer from taking a reward as an inducement to do his duty. He received a stated salary for his services. The services rendered were within the duties of his office. All his energies had been devoted to the service of the city. Under such circumstances, to permit an officer to stipulate for extra compensation for services to which the public was entitled, would lead to great corruption and oppression in office. It would follow that whenever a crime was committed, instead of speedy efforts for the arrest of the offender, there would be a holding back, in the hope that there would be a reward given for his apprehension. If once a habit of taking a reward is introduced, nothing will be done unless the service is previously purchased by extra pay.' "

The court then quotes with approval from Lees v. Colgan, 120 Cal. 262, 52 Pac. 502, 503, 40 L. R. A. 1. c. 355, and continues:

"The principle that at common law it was against public policy for a public officer to take any additional. sum in the way of a reward for extra services has been dealt with in strong language by our courts.

"Hatch v. Mann, 15 Wend. (N. Y.) 49-50: . . .

"See, also, Thornton v. Mo. Pac., 42 Mo. App. 58: Bushmiaer et al. v. Special Protective Rewards Committee of Arkansas Bankers Assn., 185 Ark. 440, 47 S. W. (2d) 1080; Cornwell v. St. Louis Transit Co., 106 Mo. App. 1. c. 139, 80 S. W. 744; Somerset Bank v. Edmund, 76 Ohio St. 396, 81 N. E. 641, 11 L. R. A. (N. S.) 1170, 10 Ann. Cas. 726; Ralls County v. Stephens, 104 Mo. App. 1. c. 121, 78 S. W. 291; Woods Law of Masters & Servants, p. 334, sec. 170; C. J. 54, p. 786, sec. 30.

"On the record in this case we must rule that claimants, Sheriff Groshong and Deputy Sheriffs Bennett and McGregor, being public officials, were acting within the scope and line of their sworn official duties when they arrested and delivered Heuer and Barcume to the police officers of the city of St. Louis, as provided by Sections 3492, 3494, 3948 and 11518, R. S. Mo. 1929 (Mo. St. Ann., secs. 3492, 3494, 3948, 11518). Therefore, their claim to the reward must be denied.

"T. D. Hammond at the time in question was constable of Hawk Point Township, in Lincoln County, Mo. Therefore, his claim is denied on the same principle that we have enunciated in disposing of the claims of Groshong, Bennett, and McGregor. See Section 11756, R. S. Mo. 1929 (Mo. St. Ann., sec. 11756); Huhn v. Lang, 122 Mo. 600, 27 S. W. 345."

It must be kept in mind that this proceeding in certiorari is brought and prosecuted by only the sheriff and his two deputies as relators and they alone are attacking the opinion and judgment of the Court of Appeals. In their briefs and arguments here relators do not controvert the correctness of the ruling and opinion above quoted holding that they, being public officers and acting in the discharge of their official duties, are not entitled to recover or have awarded to them the reward voluntarily paid into court by the chief of police of St. Louis. In other words, the relators here are conceding that the part of the opinion and judgment of the Court of Appeals denying them the right to recover and dismissing their interplea claim is correct and not in conflict with any previous ruling of this court.

The relators' attack here is on the part of the opinion and judgment of the Court of Appeals sustaining the interplea claim of William F. Nicklin and awarding to him the entire amount of the reward. After reviewing the evidence and disposing of the interplea

claim of the other interpleaders, the Court of Appeals said: "We hold, on this record, that William F. Nicklin gave the first effective information which led to the arrest and delivery of Heuer and Barcume to the police officers of the city of St. Louis, and therefore is entitled to the reward."

Relators' whole argument here is to the effect that in ruling that interpleader Nicklin is entitled to the reward because "he gave the first effective information which led to the arrest and delivery of Heuer and Barcume to the police officers of the city of St. Louis," the Court of Appeals failed to follow the ruling of this court in prior cases, to-wit, in Smith v. Vernon County, 188 Mo. 501, 506, 87 S. W. 949, and in Cummings v. Clinton County, 181 Mo. 162, 79 S. W. 1127. It is not even claimed that the Court of Appeals erred or held counter to those or any other cases in ruling that it is against public policy to permit public officers to recover or receive a reward for the discharge of their duties as public officers in addition to the salary or fees provided by law. Relators' whole argument is in support of the proposition that, "to recover a reward there must be a substantial compliance with all of the conditions of the offer of reward," as ruled in the Smith and Cummings cases, and then they argue that *Nicklin* cannot recover here because he is not shown to have complied with the conditions of the offer of reward shown in this case. The argument is that under the court's finding, Nicklin merely "*gave the first effective information* which led to the arrest and delivery of Heuer and Barcume to the police officers of St. Louis," while the reward was offered "for the arrest and delivery" of said persons to such police officers—that giving information leading to an arrest and the making of the arrest are quite different things.

If we grant for the moment that relators are correct in their contention that the Court of Appeals ruled contrary to the rulings of this court in the cases mentioned as to Nicklin's right to recover this reward, the evidence failing to show his right to recover, such ruling only affects Nicklin's right to recover the reward and we do not think that question is here for decision. Neither the Smith nor the Cummings case involved or discussed the question of the right of a public officer, such as relators are, to receive or recover such reward as being against public policy, and that is the decisive point in denying them any part of the reward. It might well be, though we are not so deciding, that if Gerk, chief of police, who offered the reward in question, had taken the position when sued that none of the other claimants, including Nicklin, had earned this reward, and that these relators were barred from recovering because of being public officers acting in the line of their duty, Nicklin, as well as relators, should be denied a recovery, but that is not this case. Here the defendant Gerk chose to take the position of being a mere stakeholder of this

reward, that it justly belonged to one or more of the rival claimants, and asked the privilege of paying the money into court, being discharged, and having the court adjudicate the rival claims. When this was done and the money deposited in court, Gerk thereby renounced all interest in the fund and was discharged as a party to any further controversy. [33 C. J. 435, 441, 451, 453; Lippman, Morrison & Co. v. Warren, 94 Mo. App. 486, 489, 68 S. W. 225, and cases cited; Supreme Council L. of H. v. Palmer, 107 Mo. App. 157, 80 S. W. 699; Cobb v. George F. Mosher Real Estate Co. (Mo. App.), 257 S. W. 151, 153; Hathaway v. Foy, 40 Mo. 540; Little v. St. Louis Union Trust Co., 197 Mo. 281, 291, 94 S. W. 890.] Each claimant was required to and did by way of interplea assert his claim to the fund, occupying the position of a plaintiff with the burden on each to support his claim or have his interplea dismissed. [33 C. J. 459; Commonwealth Trust Co. v. Du Mortimer, 193 Mo. App. 290, 299, 183 S. W. 1137.] In such situation each claimant must stand on the strength of his own claim rather than on the weakness of a rival claim.

▮▮ We are mindful, of course, as contended by relators, that in this present proceeding our province is solely to determine whether the opinion and judgment of the Court of Appeals is in conflict with the constitutional mandate that, "And the last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said courts of appeals." [Art. VI, Amendment of 1884, Sec. 6, Constitution of Missouri; State ex rel. v. Haid, 323 Mo. 9, 18 S. W. (2d) 478, 480; State ex rel. v. Reynolds, 287 Mo. 169, 174, 229 S. W. 1057; State ex rel. v. Reynolds, 289 Mo. 506, 514, 233 S. W. 483.] And in determining that question this court will take as true and consider only the facts as found and stated by the Court of Appeals. [State ex rel. v. Smith (Mo.), 43 S. W. (2d) 1054, 1057; State ex rel. v. Trimble, 323 Mo. 458, 20 S. W. (2d) 46, 51.] We cannot, however, shut our eyes to the fact that the case in the Court of Appeals in which was rendered the opinion here attacked for conflict was an interpleader case, governed by the rules of law and procedure applicable to that kind of a case. From what we have said the conclusion is irresistible that when the Court of Appeals held, and correctly so, that these relators could not be awarded and should not receive any part of the reward fund paid into court, the relators lost all interest in the matter and are in no way harmed or prejudiced by the court's award of the fund to any other claimant, whether right or wrong, and cannot question such ruling by certiorari. The law applicable to proceedings by certiorari is stated in 11 Corpus Juris, section 100, page 135, thus: "Irrespective of whether the petitioner (relator) was a party in the lower court or tribunal, he is not entitled to the writ unless he has (1) an interest in the proceeding sought to be reviewed, and (2) has sustained an injury

from the ruling therein. Furthermore, the interest must be a substantial one." In Village of Grandview v. McElroy (Mo. App.), 9 S. W. (2d) 829, 834, the court said of a proceeding in certiorari: "This brings us to the final question as to whether or not appellant was sufficiently interested in the proceedings resulting in said judgment as to entitle it to have said judgment reviewed by certiorari. . . . Certiorari affords a remedy to anyone aggrieved by a final order of an inferior court or tribunal, where no appeal or writ of error or other available mode of review is afforded." The court there held inferentially, if not directly, that a person asking relief in certiorari must be aggrieved by the judgment of the inferior court. [See, also, State ex rel. v. Trimble, 316 Mo. 97, 289 S. W. 922; Perkins v. Holman, 43 Ark. 219; Hildebrand v. Superior Court (Cal.), 159 Pac. 147; Wolpert v. Newcomb (Mich.), 64 N. W. 326; People v. Leavitt, 41 Mich. 470; People v. Raymond, 115 N. Y. Supp. 275; Keely v. Supervisors, 158 Iowa, 205; Electrical Products Corp. v. Second Judicial Dist. Court (Nev.), 23 Pac. (2d) 501.]

Our conclusion, therefore, is that our writ of certiorari granted in this case should be quashed. It is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All the judges concur.